THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

CHANEL, INC., )
a New York Corporation, )
)
)
Plaintiff, )
)
vs. ) CASE NO. 2:06-cv-00157
)
LISA YVETTE HARPER-WHALEY a/k/a )
LISA HARPER d/b/a KID ELEGANCE d/b/a )
DIVINEDIVASTYLE.COM d/b/a )
CIERACOLLECTION.COM d/b/a )
PURSE-NALESSENTIALS.COM d/b/a )
FINDLUXURYGIFTS.COM d/b/a )
AFFORDABLEHANDBAGREPLICA.COM )
d/b/a DESTINY-KIDS.COM d/b/a )
PROM-PRINCESS.COM d/b/a CIERAS, )
and DOES 1-10, )
)
Defendants. )
)

## CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION

The Plaintiff, Chanel, Inc. ("Chanel"), and the named Defendant, Lisa Yvette Harper-Whaley a/k/a Lisa Harper d/b/a Kid Elegance d/b/a DivineDivaStyle.com d/b/a CieraCollection.com d/b/a Purse-NalEssentials.com d/b/a FindLuxuryGifts.com d/b/a AffordableHandbagReplica.com d/b/a Destiny-Kids.com d/b/a Prom-Princess.com d/b/a Cieras, (collectively, "Whaley"), stipulate and consent to the following:

WHEREAS, Defendant Whaley allegedly adopted and began using trademarks in the United States which allegedly infringe Chanel's registered trademarks as listed in ¶ 7 of Chanel's Complaint ("Chanel Marks");

WHEREAS, Defendant Whaley's alleged use of names and marks which incorporate one or more of the Chanel Marks is likely to cause confusion as to source or origin; and

WHEREAS, without an admission of liability by Defendant Whaley, based upon Chanel's good faith prior use of the Chanel Marks, Chanel has superior and exclusive rights in and to the Chanel Marks in the United States and any confusingly similar names or marks;

It is ORDERED, ADJUDGED and DECREED as follows.

1. Defendant Whaley, her agents, representatives, servants, employees, immediate family members, and all those acting in concert or participating therewith are hereby permanently enjoined from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell counterfeit goods bearing the Chanel Marks; from infringing, counterfeiting, or diluting the Chanel Marks; from using the Chanel Marks, or any marks similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name, or trademark which may be calculated to falsely advertise the services or products of Defendant Whaley as being sponsored by, authorized by, endorsed by, or in any way associated with Chanel; from falsely representing themselves as being connected with Chanel, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Chanel, are in any way endorsed by, approved by, and/or associated with Chanel; from using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Chanel, including, without limitation, handbags, shoes, perfume, and watches; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendant Whaley's goods as being those of Chanel, or in any way endorsed by Chanel; from offering such goods in commerce; and from otherwise unfairly competing with Chanel.

2. Any party shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorney fees, costs, and other relief deemed proper in the event of a violation or failure to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorney fees and costs.

3. This cause between Plaintiff Chanel, Inc., and Defendant Whaley is hereby dismissed with prejudice, subject to the terms of the Settlement Agreement between the named parties and without prejudice as to the unnamed defendants, Does 1-10. This Consent Judgment shall be conclusive for purposes of collateral estoppel regarding all issues that have been or could have been brought on the same operative facts.

4. The parties' respective attorney fees and costs incurred in connection with this action shall be borne as agreed by the individual parties in their Settlement Agreement.

5. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Final Judgment and Permanent Injunction and the Settlement Agreement between the parties.

6. All allegedly counterfeit Chanel products currently in the possession, custody, or control of Defendant Whaley shall be delivered to Chanel's counsel and destroyed under the direction of Chanel.

Respectfully submitted,

_____
Paul Grandinetti (OH 0008288)
LEVY & GRANDINETTI
1725 K Street, N.W., Suite 408
Washington, D.C. 20006-1419
Telephone (202) 429-4560
Facsimile (202) 429-4564

**Attorney for Plaintiff, Chanel, Inc.**

_____ 10-28-08
Lisa Yvette Harper-Whaley
a/k/a Lisa Harper
172 Knights Bridge Drive E
Pickerington, Ohio 43147
Telephone (614) 313-7852
Facsimile (614) 417-1133

**Pro Se Defendant**

DONE and ORDERED in Chambers in Ohio this _____ day of _____ 2006.

Norah McCann King
Digitally signed by Norah McCann King
DN: CN = Norah McCann King, C = US,
OU = United States Magistrate Judge
Date: 2006.11.14 15:44:44 -05'00'

_____
Norah McCann King
UNITED STATES DISTRICT JUDGE

4

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION was forwarded this date by first class mail, postage paid, to the following:

> Ms. Lisa Yvette Harper-Whaley
> 172 Knights Bridge Drive E
> Pickerington, Ohio 43147

14 Nov 06
Date

Paul Grandinetti